UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHANDANI JITENDRABHAI BHATT,

        Petitioner,

    v.

JEFFREY SEARLS, in his official capacity
as Administrator, Buffalo Federal
Detention Facility, et al.,

        Respondents.
_____

20-CV-465
DECISION & ORDER

      The petitioner is a civil immigration detainee currently held under 8 U.S.C. § 1231 at the Buffalo Federal Detention Facility in Batavia, New York, who asks for habeas corpus relief, including an injunction releasing her. *See* Docket Item 1. The petitioner claims that her continued detention during the COVID-19 pandemic is "tantamount to material punishment" and violates "her right to reasonable safety under the Fifth Amendment." Docket Item 1 at 13. She also argues that her "continued detention beyond the 90 day removal period is unlawful" because "actual removal is not possible due to the COVID-19 pandemic['s] impact on travel and travel document production." *Id.* at 14. Because the petitioner labeled her submission "PETITION for Writ of Habeas Corpus *and Expedite*," *see* Docket Sheet at Docket Item 1 (emphasis in original), the Court treated her petition as also requesting a temporary restraining order and ordered an expedited briefing schedule.

On April 27, 2020, the government filed a motion to dismiss. Docket Item 3. On April 28, 2020, Bhatt responded. Docket Item 4. The Court held oral argument on April 29, 2020, and reserved decision. Docket Item 5.

For the reasons that follow, this Court grants the government's motion to dismiss. Docket Item 3. The Court dismisses Bhatt's petition, Docket Item 1, without prejudice to her renewing it after her detention under § 1231 has lasted longer than six months if she can "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

## **DISCUSSION**

In *Zadvydas*, the Supreme Court held that detention of an alien for up to six months after a final order of removal is "presumptively reasonable." 533 U.S. at 701. "After this 6-month period," the Court explained, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

Here, the parties agree "that it has not been six months since [Bhatt's] removal order [became] administratively final." Docket Item 4 at 2.[1] Thus, the government argues, Bhatt's petition is premature under *Zadvydas*. Docket Item 3-1 at 6-8.

Bhatt counters that she was entitled to a custody review under 8 C.F.R. § 241.4 once her detention under § 1231 reached 90 days. Docket Item 4 at 3. But she has not

---

[1] Bhatt argues that her removal order became final on December 26, 2019, whereas the government argues that it did not become final until January 25, 2020. *See* Docket Item 4 at 2. Either way, six months have not yet elapsed.

2

received such a review, she says, and the government therefore is "denying her the procedural protections afforded by regulation and violating her right to due process." *Id.* As a result, her petition "is not premature." *Id.*

Bhatt further argues that "she has rebutted the presumption that her detention does not violate her substantive due process right to liberty as well as her procedural due process rights." *Id.* at 7. More specifically, she contends that "the shut downs and travel restrictions related to the COVID-19 pandemic have rendered her removal no longer reasonably foreseeable in the absence of a travel document and a means of transportation." *Id.*

## I. BHATT WAS NOT ENTITLED TO A 90-DAY CUSTODY REVIEW UNDER 8 C.F.R. § 241.4

At oral argument, the government asserted that Bhatt was not entitled to a 90-day custody review because she is subject to expedited removal under 8 C.F.R. § 235.3, which states:

> An alien whose inadmissibility is being considered under this section or who has been ordered removed pursuant to this section shall be detained pending determination and removal, except that parole of such alien, in accordance with section 212(d)(5) of the Act, may be permitted only when the Attorney General determines, in the exercise of discretion, that parole is required to meet a medical emergency or is necessary for a legitimate law enforcement objective.

*Id.* § 235.3(b)(2)(iii). The government also explained that Bhatt was denied parole—the only mechanism under which she could be released under § 235.3—on Monday, April 27, 2020.

In response, Bhatt did not contest that she was subject to expedited removal. Instead, she relied on § 235.3(b)(8), which provides that "[a]n alien ordered removed

3

pursuant to section 235(b)(1) of the Act shall be removed from the United States in accordance with section 241(c) of the Act and 8 CFR part 241." Thus, she contended, the 90-day custody review under § 241.4 still applied to her.

This Court finds that based on the language of § 235.3(b)(2)(iii)—"[a]n alien . . . who has been ordered removed pursuant to this section *shall be detained* pending determination and removal" except for "parole [that] is required to meet a medical emergency or is necessary for a legitimate law enforcement objective" (emphasis added)—Bhatt was not entitled to a 90-day custody review. That such an alien "shall be *removed* from the United States in accordance with section 241(c) of the Act and 8 CFR part 241," *id.* § 235.3(b)(8) (emphasis added), does not contradict the mandatory detention prescribed by § 235.3 during that removal process.[2]

## II.   BHATT'S PETITION IS PREMATURE UNDER *ZADVYDAS*

This Court agrees with the government that because Bhatt is still within the presumptively reasonable six-month detention period, her petition is premature. See *Ousman D. v. Decker*, No. CV 20-2292 (JMV), 2020 WL 1847704, at *7 (D.N.J. Apr. 13, 2020) ("As for Petitioner's argument that his likelihood of removal is unforeseeable, his argument is premature as he has not yet met the six-month period of detention[ ] that would trigger this inquiry under *Zadvydas*."); *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (dismissing petition as premature where the petitioner "ha[d] not been detained beyond the presumptively reasonable

---

[2] Of course, a detainee's due process rights might mandate release notwithstanding those regulations. But they do not do so under the circumstances here.

period of detention").[3]  Moreover, as the respondents' counsel observed at oral argument, by the time Bhatt's detention reaches the six-month mark, it will be clearer whether her removal is reasonably foreseeable in light of the COVID-19 pandemic.

## ORDER

For the reasons explained above, the government's motion to dismiss, Docket Item 3, is GRANTED, without prejudice to Bhatt's refiling her petition after her detention under § 1231 has lasted longer than six months if she can "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  See *Zadvydas*, 533 U.S. at 701.

SO ORDERED.

Dated:    April 30, 2020
          Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE

---

[3] This Court need not decide whether there are *any circumstances* in which an alien could rebut the reasonable-detention presumption prior to the end of the six-month period.  The facts of this case do not constitute such circumstances.